UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TECTRANS, INC. AND YELLOW                           CIVIL ACTION
CAB OF GREATER ORANGE
COUNTY

VERSUS                                              NO: 09-3461

THE NEW ORLEANS AVIATION                            SECTION: "S" (4)
BOARD

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by plaintiffs, Tectrans, Inc. and Yellow Cab of Greater Orange County (Doc. #24), is **GRANTED** as to plaintiffs' claims for declaratory judgment, attorneys' fees, and costs brought under the Louisiana Open Meetings Law, Louisiana Revised Statutes § 42:4.1, *et seq.*, and the Louisiana Public Records Law, La. Rev. Stat. § 44:31, *et seq.*, and **DENIED** as to plaintiffs' claims for declaratory judgment, attorneys' fees, and costs brought under the Louisiana Public Bid Law, La. Rev. Stat. § 38:2211, *et seq.*

## BACKGROUND

This matter comes before the court on a motion for summary judgment filed by plaintiffs, Tectrans, Inc., and it subsidiary, Yellow Cab of Greater Orange County (collectively "Tectrans").

In its motion, Tectrans asks the court to find that defendant, the New Orleans Aviation Board ("NOAB") violated the Louisiana Public Bid Law, La. Rev. Stat. § 38:2211, *et seq.*, the Louisiana Open Meetings Law, La. Rev. Stat. § 42:4.1, *et seq.*, and the Louisiana Public Records Law, La. Rev. Stat. § 44:31, *et seq.*, and to award Tectrans its attorneys' fees and costs associated with its successful pursuit of its claims. Tectrans argues that there is no genuine issue of material fact that NOAB violated the aforementioned laws, and that Tectrans is therefore entitled to attorneys' fees and costs.

Tectrans responded to an October 16, 2008 Request for Proposals by NOAB for on-demand taxi service to Louis Armstrong International Airport. NOAB characterized the contract as one for "professional services," which Tectrans alleges is in violation of the Louisiana Public Bid Law, incorporated under section 6-308 of the Home Rule Charter of the City of New Orleans.

NOAB received bids from three companies: Dulles Airport Taxi, Inc. ("Dulles"), Veolia Transportation ("Veolia"), and Tectrans. Dulles partnered with the current manager and operator of the taxi service at the airport, L & R Services, Inc., to submit its proposal, although a provision of the Request for Proposals prohibited the current operator from receiving the award of the contract.

An outside consulting firm hired by NOAB initially reviewed the proposals, and then NOAB's Technical Committee discussed each proposal at an unannounced, closed-door meeting on January 14, 2009. The Technical Committee found that each proposal failed to meet several mandatory requirements of the Request for Proposals. The Technical Committee recommended that NOAB waive certain requirements, and NOAB adopted the recommendation. NOAB waived the non-conformities of the proposals submitted by Dulles and Veolia, but declined to waive Tectrans'

deficiencies or to consider the substance of its proposal. NOAB awarded the contract to Dulles, and informed Tectrans of the decision on March 19, 2009.

On March 24, 2009, Tectrans sent a Public Records Request to NOAB, seeking documentation related to the award of the contract to Dulles. NOAB provided a partial response, but refused to turn over portions of the proposals submitted by the three bidders based on confidentiality, and excluded other documents based on the attorney-client privilege and the work-product exception. Tectrans requested a privilege log identifying the documents subject to the attorney-client privilege and the work-product exception, but NOAB refused to provide that information. Also, on April 27, 2009, NOAB informed Tectrans by letter that it could not produce some emails because they had been permanently deleted.

Tectrans then filed its complaint alleging that NOAB violated the Home Rule Charter of the City of New Orleans, the Louisiana Public Bid Law, the Louisiana Open Meetings Law, and the Louisiana Public Records Law. Tectrans sought to enjoin NOAB from taking any further action regarding the contract for taxi services at the airport and to have the contract declared null and void. Alternatively, Tectrans asked that the court award the contract to Tectrans. Tectrans also sought a declaratory judgment that NOAB violated the Louisiana Public Bid Law, the Louisiana Open Meetings Law, and the Louisiana Public Records Law, and an award of its attorneys' fees and costs associated with the suit it brought to enforce the aforementioned laws.

On May 6, 2009, Tectrans filed a motion for a temporary restraining order, and the court granted a hearing. Before a hearing was held, the parties entered into a consent order, in which they agreed that NOAB would not execute the contract until the court ruled on a motion for preliminary

injunction, and that all documents related to the matter would be preserved. In addition to the temporary restraining order, Tectrans filed a motion for preliminary injunction in which Tectrans argued that it was entitled to an injunction because NOAB violated the Louisiana Public Bid Law by waiving some of the requirements in the Request for Proposals and by classifying the taxi contract as one for "professional services." Tectrans also sought an injunction preventing NOAB from deleting emails due to NOAB's alleged violation of the Louisiana Public Records Law.

On May 14, 2009, the court held a hearing on Tectrans' motion for preliminary injunction. On May 20, 2009, NOAB issued a letter rejecting all of the proposals and announced that no contract would be entered into under the Request for Proposals. On May 21, 2009, the parties informed the court that NOAB's rejection of the proposals rendered moot the issues presented in Tectrans' motion for preliminary injunction.

Tectrans filed this motion for summary judgment arguing that, although the issue of an injunction is moot, Tectrans is still entitled to a declaratory judgment that NOAB violated the Louisiana Public Bid Law, the Louisiana Open Meetings Law, and the Louisiana Public Records Law. Tectrans contends that there is no genuine issue of material fact that NOAB violated these laws, and that it is therefore entitled to an order declaring the violations and awarding it attorneys' fees and costs.

NOAB opposes the motion, arguing that Tectrans' claims against it became moot when it rejected all of the proposals, opened the Technical Committee meetings to the public, and began taking steps to comply with the Louisiana Public Records Law. NOAB contends that there is no longer a case or controversy and that the court's granting Tectrans' motion would be an

impermissible advisory opinion. Alternatively, NOAB argues that it did not violate the Louisiana Public Bid Law, the Louisiana Open Meetings Law, or the Louisiana Public Records Law.

**ANALYSIS**

**1.     Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.     Mootness**

A threshold issue is whether there is a case or controversy regarding NOAB's alleged violations of the Louisiana Public Bid Law, the Louisiana Open Meetings Law, and the Louisiana Public Records Law.

The federal courts are courts of limited jurisdiction. Kokkoen v. Guardian Life Ins. Co., 114 S.Ct. 1673, 1675 (1994). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12(h)(3). One limitation on the federal courts' subject matter jurisdiction is the requirement that there be a live case or controversy between the parties throughout the proceedings." C & H Nationwide Inc. v. Norwest Bank Texas NA, 208 F.3d 490, 493 (5th Cir. 2000). The "case or controversy" requirement of Article III of the United States Constitution prohibits federal courts from considering questions "that cannot affect the rights of the litigants in the case before them." Id. (citing N. Carolina v. Rice, 92 S.Ct. 402, 403 (1971)). Federal courts cannot issue advisory opinions. Id. (citing U.S. v. Texas Tech Univ., 171 F.3d 279, 286 (5th Cir. 1999)). "The mootness doctrine requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process. Id. (citing Rocky v. King, 900 F.2d 864, 866 (5th Cir. 1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spence v. Kemna, 118 S.Ct. 978, 983 (1998) (internal quotation omitted). A court cannot retain jurisdiction over a case in which one or both of the parties lacks a continuing interest. Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc., 120 S.Ct. 693, 709 (2000) (citing Arizonans for Official English v. Arizona, 117 S.Ct. 1055, 1068 (1997)). A claim for attorneys' fees is not sufficient to create a case or controversy as required by Article III where none exists on the merits of the underlying claim. Lewis, 110 S.Ct. at 1255 (citing Diamond v. Charles, 106 S.Ct. 1697, 1707-08 (1986)).

However, in a case brought for compliance, "[a] defendant's voluntary cessation of a challenged practice ordinarily does not deprive a federal court of its power to determine the legality of the practice," because "if it did, the courts would be compelled to leave the defendant free to return to its old ways." Friends of the Earth, Inc., 120 S.Ct. at 709 (2000) (citing City of Mesquite v. Aladdin's Castle, Inc., 102 S.Ct. 1070, 1075 (1982)). A defendant claiming that its voluntary compliance renders a case moot bears the burden of showing that it is clear that the allegedly wrongful behavior could not reasonably be expected to recur. Id. However, the plaintiff bears the burden of establishing that, "if unchecked by litigation, the defendant's allegedly wrongful behavior will likely occur or continue and that the threatened injury is certainly impending." Id. (citing Whitmore v. Arkansas, 110 S.Ct. 1717, 1724-25 (1990)).

NOAB argues that its voluntarily rejecting all of the proposals rendered moot Tectrans' claims under the Louisiana Public Bid Law, the Louisiana Open Meetings Law, and the Louisiana Public Records Law, and that Tectrans' lingering claims for attorneys' fees and costs are insufficient to create a case or controversy as required by Article III. NOAB argues that Tectrans cannot suffer any injury due to NOAB's alleged violation of the Louisiana Public Bid Law because nobody will be awarded the contract under the Request for Proposals. Also, NOAB contends that Tectrans' claim under the Louisiana Open Meetings Law is moot because NOAB has changed its procedures and now requires Technical Committee meetings to be open to the public. Finally, NOAB argues that Tectrans' Louisiana Public Records Law claims are moot because Tectrans abandoned its claim that NOAB was required to provide a privilege log for documents withheld from Tectrans' public

7

records request and NOAB has taken steps to retain its documents in compliance with the Louisiana Public Records Law.

At the preliminary injunction hearing on May 21, 2009, Tectrans stated that the issues presented in its motion for preliminary injunction were rendered moot by NOAB's voluntary rejection of all of the proposals. However, the Louisiana Public Bid Law, the Louisiana Open Meetings Law, and the Louisiana Public Records Law all provide declaratory relief as a potential remedy. See LA. REV. STAT. §§ 38:2220.2(A), 42:11(A)(3), 44:35(A). It its complaint, Tectrans asked the court to "order, adjudge, and decree" that NOAB violated each of these laws. Tectrans' claims for declaratory relief regarding NOAB's alleged violations of the laws were not rendered moot by NOAB's subsequent voluntary compliance with the laws. Thus, Tectrans may be entitled to attorneys' fees and costs if it prevails on the merits of its claims for declaratory relief under the Louisiana Public Bid Law, the Louisiana Open Meetings Law, and/or the Louisiana Public Records Law.

**2.  Merits of Tectrans' Claims**

**A.  Louisiana Public Bid Law**

Tectrans seeks a declaration that NOAB violated the Louisiana Public Bid Law by waiving requirements in the Request for Proposals. Pursuant to La. Rev. Stat. § 38:2220.2:

> any person, association, corporation, or other business entity with direct knowledge of alleged violation by a public entity of [the Louisiana Public Bid Law] may institute a civil action in district court against the public entity to seek a declaration that such violation has occurred. The procedure for such civil action shall comply with the provisions of this Section and R.S. 38:2220.3.

8

La. Rev. Stat. § 2220.3(A) provides that, prior to the initiation of a civil action, the complainant must inform the Louisiana Attorney General of the alleged violation and all direct information he possesses regarding the alleged violation. The complainant is permitted to initiate a civil action if the Louisiana Attorney General does not do so within thirty days from the date of receipt of the information concerning the alleged violation. Id. at § 38:2220.3(C). If the court enters an order declaring that a violation of the Louisiana Public Bid Law has occurred, the court shall award the principal plaintiff costs and reasonable attorneys' fees. Id. at §§ 38:2220.4(A)-(B)(1).

In its complaint, Tectrans asks the court to declare that NOAB violated the Louisiana Public Bid Law. However, there is no allegation that, prior to filing suit, Tectrans informed the Louisiana Attorney General of the alleged violation and directed all information it possessed regarding the alleged violation to the Louisiana Attorney General. Because Tectrans did not allege that it complied with this prerequisite to bringing a civil action for declaratory relief, the claim must be dismissed, and Tectrans cannot recover attorneys' fees and costs for its pursuit of this claim.

### B. Louisiana Open Meetings Law

Tectrans argues that NOAB violated the Louisiana Open Meetings Law because the contract was awarded at an unannounced closed meeting of NOAB's Technical Committee. Tectrans contends that it is entitled to a declaration that NOAB violated the Louisiana Open Meetings Law by not announcing or opening to the public the Technical Committee meeting at which the proposals were discussed, and to an award of attorneys' fees and costs for its successful prosecution of this claim.

NOAB argues that Tectrans cannot prevail on its Louisiana Open Meetings Law claim because it failed to bring its action to void the contract within 60 days of the meeting at which Dulles' proposal was accepted, as required by La. Rev. Stat. § 42:9. NOAB also argues that the Technical Committee meetings were not required to be open to the public.

The public policy for open meetings is codified at La. Rev. Stat. § 42:4.1, which provides in pertinent part that:

> A. It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy.

To achieve that policy, generally "every meeting of any public body shall be open to the public," unless it is authorized to be closed by La. Rev. Stat. §§ 42:6, 42:6.1 or 42:6.2. Id. at § 42:5(A). A "meeting" is a "convening of a quorum of a public body to deliberate or act on a matter of which the public body has supervision, control, jurisdiction, or advisory power." Id. at § 4.2(A)(1). A "public body" is defined as:

> village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissions; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.

Id. at § 4.2(A)(2).

NOAB's Technical Committee is subject to the Louisiana Open Meetings Law because it fits the definition of public body. Section 4-102 of the Home Rule Charter of the City of New Orleans provides that the executive branch of the city government shall consist of the mayor, the administrative office, department heads, unattached boards, and other departments and boards. Article V of the Home Rule Charter of the City of New Orleans names NOAB as an unattached board under the executive branch of the city government. Pursuant to sections 5-601 and 5-602 of the Home Rule Charter of the City of New Orleans, NOAB's members are appointment by the mayor and NOAB is in charge of: (1) administering, operating, and maintaining all municipal airports and aviation facilities; (2) representing the City of New Orleans in all technical matters pertaining to aeronautics in consultation with state, national, or international aeronautics officers or agencies; and, (3) providing for the regulation and policing of municipal airports and aviation facilities in accordance with applicable state and municipal law. Thus, NOAB's Technical Committee is a committee of a municipal board that possesses advisory and administrative functions, and is therefore subject to the Louisiana Open Meetings Law.

Further, there is no exception to the Louisiana Open Meetings Law for the Technical Committee's discussion of a purported professional services contract.[1] By executive order, the Mayor of New Orleans created Selection Review Panels within the city's executive branch, including the unattached boards, to evaluate proposals for the provision of professional services.

---

[1] There is much discussion regarding wether the taxi contract at issue was a professional services contract. Because it is not necessary for the court to decide the issue to determine whether the Louisiana Public Bid Law applies, the court offers no opinion as to whether the taxi contract was a professional services contract, which would be an exception to the Louisiana Public Bid Law.

On October 15, 2008, the Louisiana Attorney General opined that the Selection Review Panels must comply with the Louisiana Open Meetings Law. See LA. ATTY. GEN. OP. NO. 08-0211, 2008 WL 4938296 (La. A.G. 10/15/08); see also LA. ATTY. GEN. OP. NO. 08-0211A, 2009 WL 386968 (La. A.G. 1/9/09) (affirming La. Atty. Gen. Op. No. 08-0211). As a result, the Technical Committee meeting at which the taxi proposals were discussed was subject to the Louisiana Open Meetings Law, regardless of whether the taxi contract was a contract for professional services.

Because NOAB's Technical Committee is subject to the Louisiana Open Meetings Law, its meetings must be announced and open to the public, unless otherwise provided by statute. See LA. REV. STAT. §§ 42:5, 42:7.[2] "Any action taken in violation of [the Louisiana Open Meetings Law] shall be voidable by a court of competent jurisdiction. A suit to void any action must be commended within sixty days of the action." Id. at § 42:9. Any person who has been denied a right conferred by the Louisiana Open Meetings Law, or has reason to believe that it has been violated, may institute enforcement proceedings seeking a writ of mandamus, injunction relief, declaratory judgment, judgment rendering the action void as provided by La. Rev. Stat. § 42:9, and/or a judgment awarding civil penalties as provided in La. Rev. Stat. § 42:13. Id. at § 42:11(A). The court shall award to a person who brings an enforcement proceeding and prevails reasonable attorneys' fees and costs. Id. at § 42:11(C).

In its complaint, Tectrans stated that it was entitled to bring its suit pursuant to La. Rev. Stat. § 42:11 because NOAB failed to provided written notice of its Technical Committee's meeting and

---

[2] The exceptions to the Louisiana Open Meetings Law are codified at La. Rev. Stat. §§ 42:6, 42:6.1, and 42:6.2. None of the exceptions provided therein apply to the meeting of NOAB's Technical Committee that is at issue.

12

failed to open the meeting to the public. The suit sought to have the contract declared null and void, or alternatively to have the contract awarded to Tectrans. These requests were rendered moot by NOAB's voluntarily rejecting all of the bids. However, in its prayer for relief, Tectrans also request that the court declare that NOAB violated the Louisiana Open Meetings Law. The declaratory judgment is not moot, nor is it subject to the 60 day peremptive period of La. Rev. Stat. § 42:9.

It is undisputed that the Technical Committee meeting at issue was not open to the public. At the preliminary injunction hearing on May 14, 2009, Sean Hunter, the former Director of NOAB testified that the Technical Committee meeting held to discuss the taxi contract proposals was not open to the public. Thus, there is no genuine issue of material fact that NOAB violated the Louisiana Open Meetings Law, and Tectrans is entitled to recover the reasonable attorneys' fees and costs that it incurred in successfully pursuing this claim.

### C. Louisiana Public Records Law

Tectrans argues that NOAB violated the Louisiana Public Records Law by failing to produce a privilege log for documents that were withheld on the basis of attorney-client privilege or the work-product exception. Tectrans also argues that NOAB violated the Louisiana Public Records Law by not retaining emails for three years. Tectrans contends that it is entitled to a judgment that NOAB violated this law and an award of attorneys' fees and costs for its successful pursuit of this claim.

NOAB argues that Tectrans abandoned its argument regarding the privilege log. NOAB also argues that Tectrans cannot prove that it failed to produce relevant documents due to the destruction of some of the documents because other copies of the deleted emails may have been produced by

another email custodian who also received the email and did not delete it. Further, NOAB contends that attorneys' fees and costs are not available for an action regarding document retention.

Pursuant to La. Rev. Stat. § 44:32, a custodian of public records must make the records available to any person who so requests. If a requesting person is denied the right to inspect or copy a record, he may institute proceedings for a writ of mandamus, injunctive or declaratory relief, attorneys' fees, costs, and damages. Id. at § 44:35. La. Rev. Stat. § 44:36(A) provides that a public record must be retained for at least three years from the date on which it was made if there is no formal document retention policy.

It is undisputed that NOAB did not have a formal retention policy and failed to comply with the three year document retention requirement provided by La. Rev. Stat. § 44:36(A). In response to Tectrans' public records request, NOAB admitted that some airport employees deleted their emails either upon receipt or shortly thereafter and that the information technology department could only retrieve emails that had been deleted within 4 to 6 weeks prior to the request. Further, at the preliminary injunction hearing, Sean Hunter testified that NOAB was not in compliance with the three-year retention period provided by La. Rev. Stat. § 44:36(A). Mr. Hunter also testified that NOAB was coming into compliance as a result of Tectrans' public records request by purchasing software, developing a retention policy, and instructing all employees not to delete any emails. Thus, there is no genuine issue of material fact that NOAB violated the Louisiana Public Records Law.

Article 12, Section 3 of the Louisiana Constitution of 1974 provides that: [n]o person shall be denied the right . . . to examine public documents, except in cases established by law." The

Louisiana Public Records Law was "intended to implement the inherent right of the public to be reasonably informed as to the manner, basis, and reasons upon which governmental affairs are conducted" for the purpose of ensuring governmental integrity. Treadway v. Jones, 583 So.2d 119, 124 (La. Ct. App. 1991) (citing Bartels v. Russel, 303 So.2d 833, 836 (La. Ct. App. 1974), writ denied, 307 So.2d 372 (La. 1975)). The Louisiana Public Records Law should be liberally construed to promote that purpose and enlarge the public's access to public records. Id. at 121, 124.

La. Rev. Stat. § 44:35(D) provides that "[i]f a person seeking the right to inspect or to receive a copy of a public record prevails in [an action brought for enforcement of the Louisiana Public Records Law], he shall be awarded reasonable attorneys' fees and other costs of litigation." NOAB argues that La. Rev. Stat. § 44:35(D) does not apply to an action brought under La. Rev. Stat. § 44:36 for failure to retain documents. NOAB contends that deleting public records is not the same as refusing to allow a person to inspect or receive a copy of them. This is a distinction without a difference. NOAB deleted certain emails in violation of the Louisiana Public Records Law. Tectrans then sought to inspect or receive the deleted emails. Because the emails were deleted, Tectrans certainly could not inspect or receive them. Further, without Tectrans' lawsuit, NOAB may never have addressed its violation of the document retention provision the Louisiana Public Records Law. The Louisiana Public Records Law must be liberally construed to enlarge access to public records, promote governmental integrity, and encourage the public to bring attention to violations of the law. As a result, Tectrans is entitled to recover its attorneys' fees and costs for its successful pursuit of a declaration that NOAB violated the Louisiana Public Records Law.

15

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by plaintiffs, Tectrans, Inc. and Yellow Cab of Greater Orange County (Doc. #24), is **GRANTED** as to plaintiffs' claims for declaratory judgment, attorneys' fees, and costs brought under the Louisiana Open Meetings Law, La. Rev. Stat. § 42:4.1, *et seq.*, and the Louisiana Public Records Law, La. Rev. Stat. § 44:31, *et seq.*, and **DENIED** as to plaintiffs' claims for declaratory judgment, attorneys' fees, and costs brought under the Louisiana Public Bid Law, La. Rev. Stat. § 38:2211, *et seq.*

New Orleans, Louisiana, this  17th  day of February, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**