UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TECTRANS, INC. AND YELLOW CAB OF GREATER ORANGE COUNTY | CIVIL ACTION |
| VERSUS | NO: 09-3461 |
| THE NEW ORLEANS AVIATION BOARD | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for New Trial and/or to Alter and/or to Amend the Court's Order on Plaintiffs' Motion for Summary Judgment filed by plaintiffs, Tectrans, Inc. and Yellow Cab of Greater Orange County (Doc. #38), is **DENIED.**

## BACKGROUND

This matter comes before the court on a motion for new trial and/or to alter and/or to amend the court's order on plaintiffs' motion for summary judgment filed by plaintiffs, Tectrans, Inc., and its subsidiary, Yellow Cab of Greater Orange County (collectively "Tectrans"). In its motion, Tectrans asks the court to reverse its ruling that Tectrans is not entitled to attorneys' fees for its pursuit of a declaration that defendant, the New Orleans Aviation Board ("NOAB"), violated the Louisiana Public Bid Law, Louisiana Revised Statutes § 38:2211, *et seq.*

Tectrans responded to an October 16, 2008 Request for Proposals issued by NOAB, for on-demand taxi service to Louis Armstrong International Airport. NOAB received bids from three companies: Dulles Airport Taxi, Inc. ("Dulles"), Veolia Transportation ("Veolia"), and Tectrans. On January 14, 2009, NOAB's Technical Committee discussed each proposal at an unannounced, closed-door meeting. The Technical Committee found that each proposal failed to meet several mandatory requirements of the Request for Proposals. The Technical Committee recommended that NOAB waive certain requirements, and NOAB adopted the recommendation. NOAB waived the non-conformities of the proposals submitted by Dulles and Veolia, but declined to waive Tectrans' deficiencies or to consider the substance of its proposal. On March 19, 2009, NOAB informed Tectrans of its decision to award the contract to Dulles.

On March 24, 2009, Tectrans sent a Public Records Request to NOAB, seeking documentation related to the award of the contract to Dulles. NOAB provided a partial response, but refused to turn over portions of the proposals submitted by the three bidders based on confidentiality, and excluded other documents based on the attorney-client privilege and the work-product exception. Tectrans requested a privilege log identifying the documents subject to the attorney-client privilege and the work-product exception, but NOAB refused to provide that information. Also, on April 27, 2009, NOAB informed Tectrans by letter that it could not produce some emails because they had been permanently deleted.

Tectrans then filed its complaint in the United States District Court for the Eastern District of Louisiana, alleging that NOAB violated the Home Rule Charter of the City of New Orleans, the Louisiana Public Bid Law, the Louisiana Open Meetings Law, La. Rev. Stat. § 42:4.1, *et seq.*, and

the Louisiana Public Records Law, La. Rev. Stat. § 44:31, *et seq*. Tectrans sought to enjoin NOAB from taking any further action regarding the contract for taxi services at the airport and to have the contract declared null and void. Alternatively, Tectrans asked that the court award the contract to Tectrans. Tectrans also sought a declaratory judgment that NOAB violated the Louisiana Public Bid Law, the Louisiana Open Meetings Law, and the Louisiana Public Records Law, and an award of its attorneys' fees and costs associated with the suit it brought to enforce the aforementioned laws.

On May 6, 2009, Tectrans filed a motion for a temporary restraining order, and the court granted a hearing. Before a hearing was held, the parties entered into a consent order, in which they agreed that NOAB would not execute the contract until the court ruled on a motion for preliminary injunction, and that all documents related to the matter would be preserved. In addition to the temporary restraining order, Tectrans filed a motion for preliminary injunction in which Tectrans argued that it was entitled to an injunction because NOAB violated the Louisiana Public Bid Law by waiving some of the requirements in the Request for Proposals and by classifying the taxi contract as one for "professional services." Tectrans also sought an injunction preventing NOAB from deleting emails due to NOAB's alleged violation of the Louisiana Public Records Law.

On May 14, 2009, the court held a hearing on Tectrans' motion for preliminary injunction. On May 20, 2009, NOAB issued a letter rejecting all of the proposals and announced that no contract would be entered into under the Request for Proposals. On May 21, 2009, the parties informed the court that NOAB's rejection of the proposals rendered moot the issues presented in Tectrans' motion for preliminary injunction.

On December 29, 2009, Tectrans filed a motion for summary judgment arguing that, although the issue of an injunction is moot, Tectrans is still entitled to a declaratory judgment that NOAB violated the Louisiana Public Bid Law, the Louisiana Open Meetings Law, and the Louisiana Public Records Law, and that Tectrans is entitled to attorneys fees for its successful pursuit of those claims. The court granted Tectrans' motion as to the Louisiana Open Meetings Law and the Louisiana Public Records Law. However, the court declined to enter a declaratory judgment that NOAB violated the Louisiana Public Bid Law due to Tectrans' failure to comply with that law's requirements for bringing a declaratory judgment action, which are outlined in La. Rev. Stat. §§ 38:2220.2 and 38:2220.3.[1] Specifically, Tectrans did not inform the Louisiana Attorney General of NOAB's alleged violation of the Louisiana Public Bid Law by certified mail, return receipt

---

[1] La. Rev. Stat. § 38:2220.2 provides in pertinent part:

> A. Any person, association, corporation, or other business entity with direct knowledge of alleged violation by a public entity of [the Louisiana Public Bid Law] may institute a civil action in district court against the public entity *to seek a declaration* that such violation has occurred. The procedure for such civil action shall comply with the provisions of this Section and R.S. 38:2220.3.

La. Rev. Stat. § 38:2220.3 provides in pertinent part:

> A. Prior to initiation of the civil action, the complainant shall inform the attorney general of the alleged violation and all direct information he possesses regarding the alleged violation. The information shall be sent to the attorney general by certified mail, return receipt requested, within fifteen days from the date of discovery of the alleged violation by the complainant.
>
> C. If the attorney general does not initiate a civil action within thirty days from the date of receipt of information concerning the alleged violation, the complainant may initiate the civil action. The attorney general may thereafter intervene in the action as provided by law.

requested, within fifteen days from the date of the discovery of the alleged violation. Tectrans now asks the court to reconsider its ruling regarding the Louisiana Public Bid Law, arguing that: (1) as an interested party to the contract, it is not required to follow the procedure outlined in the Louisiana Public Bid Law for bringing a declaratory judgment action, and (2) it complied with the spirit of the law by informing the Louisiana Attorney General's office in person of NOAB's alleged violation of the Louisiana Public Bid Law.

## ANALYSIS

**1.     Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). Because plaintiffs filed the instant motion on March 1, 2010, and the court the order at issue on February 17, 2010, therefore the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior

matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

**2.    Tectrans' Motion**

Tectrans argues that the court made an error of law because, as an interested party in the contract at issue, it was not required to comply with the procedural requirements of La. Rev. Stat. § 38:2220.3 for bringing a declaratory action. In support of its argument, Tectrans cites Macro Outdoor Adver., Inc. v. Regional Transit Auth., 489 F.3d 669 (5th Cir. 2007). Tectrans argues that this case stands for the proposition that an interested party is never required to comply with the notice requirement of La. Rev. Stat. § 38:2220.3, regardless of whether it seeks an injunction or a declaratory judgment. NOAB argues that Tectrans is reading Macro Outdoor too broadly, and that the case states only that an interested party is not required to comply with the notice requirement of La. Rev. Stat. § 38:2220.3 when it seeks and injunction, not a declaratory judgment.

In Macro Outdoor, the plaintiff, Macro Outdoor Advertising, Inc. ("Macro Outdoor"), a disappointed bidder on a Request for Proposals initiated by the Regional Transit Authority, filed suit in the United States District Court for the Eastern District of Louisiana under the Louisiana Public Bid Law seeking an injunction preventing the RTA from awarding the contract to another bidder. 489 F.3d at 672. The RTA argued that Macro Outdoor's suit was premature because Macro Outdoor did not first inform the Louisiana Attorney General of the alleged violation of the Louisiana Public Bid Law as required by La. Rev. Stat. § 38:2220.3. Id. at 674. The United States Court of Appeals for the Fifth Circuit noted that La. Rev. Stat. § 38:2220(B) expressly recognizes an interested party's right to injunctive relief when a public entity violates the public bid law by permitting an interested

6

party to bring an action seeking to enjoin the public entity from awarding the contract. Id. The court held that because interested parties have such a right, "[t]here are no prerequisites that an aggrieved interested party must complete before brining an *injunction* in Louisiana district court." Id. (emphasis added). Further, the court noted that "La. R.S. § 38:2220.3 does not apply to actions brought by . . . an interested party *under La. R.S. § 38:2220.*" Id. n. 6 (emphasis added).

The holding of the United States Court of Appeals for the Fifth Circuit in Macro Outdoor is only that an interested party is not required to comply with the Louisiana Attorney General notice requirements of La. Rev. Stat. 38:2220.3 when it seeks an injunction under La. Rev. Stat. 38:2220(B). The court did not hold that an interested party never has to comply with the notice requirements. Pursuant to La. Rev. Stat. § 38:2220.2(A):

> Any person, association, corporation, or other business entity with direct knowledge of alleged violation by a public entity of [the Louisiana Public Bid Law] may institute a civil action in district court against the public entity *to seek a declaration* that such violation has occurred. *The procedure for such civil action shall comply with the provisions of this Section and R.S. 38:2220.3.*

(emphasis added). La. Rev. Stat. § 2220.3(A) provides that, prior to the initiation of a civil action, the complainant must inform the Louisiana Attorney General of the alleged violation and all direct information he possesses regarding the alleged violation via certified mail, return receipt requested. The complainant is permitted to initiate a civil action if the Louisiana Attorney General does not do so within thirty days from the date of receipt of the information concerning the alleged violation. Id. at § 38:2220.3(C). There is no exception for an interested party seeking a declaratory judgment. Further, applying the notice requirement of La. Rev. Stat. § 38:2220.3 to an interested party seeking

7

a declaratory judgment does not interfere with an interested party's right to seek an injunction under La. Rev. Stat. § 38:2220(B). An interested party may file a suit seeking an injunction within the time limits required by La. Rev. Stat. § 38:2220(B), and still follow the notice and delay requirements of La. Rev. Stat. § 38:2220.3 for a declaratory judgment by amending its suit to add a claim for declaratory judgment if the Louisiana Attorney General chooses not to act.[2] Therefore, Tectrans was required to comply with the notice requirement of 38:2220.3 before seeking a declaratory judgment that NOAB violated the Louisiana Public Bid Law.

Tectrans argues that, if it is required to comply with La. Rev. Stat. § 38:2220.3 prior to seeking a declaratatory judgment that NOAB violated the Louisiana Public Bid Law, it fulfilled its obligation by meeting with the Louisiana Attorney General's office in person prior to filing suit. NOAB argues that Tectrans clearly did not comply with the requirements of the law, and cannot demand NOAB's strict adherence to the law when it refuses to do the same.

It is undisputed that Tectrans did not comply with La. Rev. Stat. § 38:2220.3 by informing the Louisiana Attorney General of NOAB's alleged violation of the Louisiana Public Bid law by certified mail, return receipt requested, within fifteen days from the date of discovery of the alleged violation. The statute outlines a very specific notice requirement. In light of such specificity, other forms of notice to the Louisiana Attorney General are not sufficient, and Tectrans' meeting with the

---

[2] An interested party seeking an declaratory judgment, rather than an injunction or nullification of the contract, is a whistle blower because that party will not receive a personal benefit from the declaration other than "to deter the construction of public works or the purchase of materials and supplies in violation of" the Louisiana Public Bid Law. See La. Rev. Stat. § 38:2220.1.

Louisiana Attorney General's office is did not satisfy the notice requirement of La. Rev. Stat. § 38:2220.3.

Because Tectrans was required to comply with the notice requirement of La. Rev. Stat. § 38:2220.3, and failed to do so, it is not entitled to a declaration that NOAB violated the Louisiana Public Bid Law. Further, Tectrans has admitted that the issue of an injunction under the Louisiana Public Bid Law was rendered moot. Therefore, there is no basis upon which to find that Tectrans was successful in brining an action against NOAB so as to entitle it to attorneys fees under La. Rev. Stat. § 38:2220.4(B)(1).[3]

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for New Trial and/or to Alter and/or Amend the Court's Order on Plaintiffs' Motion for Summary Judgment filed by plaintiffs, Tectrans, Inc. and Yellow Cab of Greater Orange County (Doc. #38), is **DENIED.**

New Orleans, Louisiana, this __9th__ day of April, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[3] La. Rev. Stat. § 38:2220.4(B)(1) provides:

> The court shall also award to the principal plaintiff as determined by the court, if successful in his action, reasonable attorney fees. The court shall also award to any prevailing defendant costs and reasonable attorney fees. However, if the court finds fraud on behalf of a defendant, the award to the plaintiff shall be twice the amount of reasonable attorney fees.

9