**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TECTRANS, INC., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO.  09-3461** |
| **THE NEW ORLEANS AVIATION BOARD** | **SECTION  "S"(4)** |

**O R D E R**

The Court, having considered the motion, response, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the defendant's objection to the United States Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter, subject to the parties' agreed upon reduction of $3,807.50 to the attorneys' fees award.

Plaintiffs pursued claims against defendant for violations of the Louisiana Public Bid Law, Louisiana Revised Statutes § 38:2211, et seq.; the Louisiana Open Meetings Law, La. Rev. Stat. § 42:41, et seq.; and, the Louisiana Public Records Law, La. Rev. Stat. § 44:31 et seq.. The district court found that plaintiffs could recover attorneys fees for successfully pursuing their claims made under the Louisiana Open Meetings Law and the Louisiana Public Records Law, but not on the Louisiana Public Bid Law.[1]  On May 17, 2010, plaintiffs filed a motion to fix attorneys fees in which they requested $141,553.48.  The requested fee represented a 10% reduction of their bills to account

---

[1] The United States Court of Appeals for the Fifth Circuit affirmed the district court's ruing on the Louisiana Open Meetings Law and the Louisiana Public Records Law.  The parties did not appeal the district court's ruling on the Louisiana Public Bid Law.

for the work attributable to plaintiffs' Louisiana Public Bid Law claims.  The motion was referred to the United States Magistrate Judge for a Report and Recommendation.

The United States Magistrate Judge reviewed plaintiffs' attorneys' bills and subtracted 149.15 hours that she found to be attributable to plaintiffs' Louisiana Public Bid Law claims.  She determined that 50% of the remaining hours should be billed at the rate approved by the Louisiana Attorney General  for professional legal services because that is the mandated maximum allowable fee under the Louisiana Public Records Law.  She also determined that the plaintiffs' attorneys' customary rates were reasonable, and applied those rates to the remaining 50% attributable to plaintiffs' Louisiana Open Meetings Law claims.  The magistrate judge concluded that plaintiffs should recover $79,969.13 in attorneys fees, which is a reduction of 43.5% of the $141,553.48, that plaintiffs requested.

Defendant objected to the United States Magistrate Judge's Report and Recommendation arguing that she failed to subtract charges that are attributable to plaintiffs' Louisiana Public Bid Law claim. Plaintiffs agreed that the United States Magistrate Judge overlooked $3,807.50, and agreed that the fee award should be $76,161.63.  However, defendant also argue that court should look at certain time entries and reduce them because some of the work is attributable to plaintiffs' Louisiana Public Bid Law claims, or should not be recoverable.  Defendant suggests counting the number of pages in a memorandum devoted to discussing each claim, or reviewing the number of cases cited pertaining to each claim, to determine how much of the time is attributable to each claim.

Defendant's suggestions are arbitrary and do not provide an accurate assessment of the time devoted to each claim.  The United States Magistrate Judge discussed the appropriate factors for setting the attorneys' fees award in this case: (1) the ultimate result obtained; (2) the responsibility

incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances made; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and, (10) the court's own knowledge. See State of Louisiana, Dept. of Transp. and Dev. v. Williamson, 597 So.2d 439, 442 (La. 1992).  She reviewed each of  plaintiffs' attorneys' time entries in light of these factors and determined a reasonable amount of attorneys' fees.  The court accepts her detailed analysis and conclusions as to reasonable attorneys' fees in light of the applicable law.

Plaintiffs also filed a supplemental motion to fix attorneys' fees and costs (Doc. #85) in which it requests $45,255.89, in attorneys' fees and costs that it incurred in connection with defendant's appeal of this court's order granting attorneys' fees, and in its pursuit of attorneys' fees. The amount reflects fees associated only with plaintiffs' claims under the Louisiana Public Records Law and the Louisiana Open Meetings Law.  Plaintiffs have followed the recommendation of the United States Magistrate Judge and adjusted 50% of the hours to the Louisiana Attorney General's fee schedule and applied their attorneys' customary rates, which are reasonable, to the other 50% of the hours.  Therefore, the request is reasonable and the motion is GRANTED.

**IT IS ORDERED** that the Plaintiffs' Motion to Fix Attorneys' Fees (Doc. #56) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Supplemental Motion to Fix Attorneys' Fees (Doc. #85) is **GRANTED.**

**IT IS FURTHER ORDERED** that attorneys' fees be awarded to the Plaintiffs in the amount of **$121,417.52.**

New Orleans, Louisiana, this _____10th_____ day of _____February_____, 2010

_____

**UNITED STATES DISTRICT JUDGE**